## No. 10,070.

### Succession of Henry Cassidy.

Where, on the opposition to an executor's account, the same has been amended by placing the opponent thereon as a creditor of the succession then under administration, the executor in his representative capacity has an appealable interest in the judgment on the

opposition, and if he deems it unjust has not only the right to appeal but it is his duty to do so.

If the succession funds shown by the account for distribution exceed $2,000, this Court has jurisdiction, whatever be the amount claimed by the opponent.

A suit by an evicted purchaser against his vendor, or against the latter's vendor, for indemnity on account of the breach of the covenant of warranty, is not a real action. If the suit is brought against the succession of the vendor, the testamentary executor alone is competent to defend the action; hence it is not necessary that absent heirs be made parties.

At common law and under the laws of the State of Texas, an evicted purchaser may sue a remote vendor for recovery of his purchase price, without first exercising his recourse against his immediate vendor. Under that system "a covenant of warranty runs with the land."

In Texas a purchaser may sue his vendor for a breach of the covenant of warranty without showing eviction under legal process, but in that case the purchaser must under proper averments establish the validity of the title which he recognizes as paramount to that transferred to him by his vendor, and must show an actual dispossession by virtue thereof. The rights and obligations of the parties to a sale executed in one State, of real estate situated in another, must be determined under the laws of the State in which the property is situated.

APPEAL from the Civil District Court for the Parish of Orleans. Houston, J.

*J. O. Nixon, Jr*, for the executor, Appellant:

1. No action can be brought by a second vendor against a vendor upon a warranty, except the intermediate vendor be a party; this results from the general rule providing that all persons through whom relief is sought be made parties. See Seixas vs King, 39 Ann.; Hyde vs. Craddick, 10 R. 387

2. The second vendee has no action of warranty against the first vendor, except there be an express subrogation. Van Norght vs. Foreman, 1 N. S. 352; Davison vs. Charbre's Heirs, 6 N. S. 321; Smith vs. Wilson, 11 R. 522; Chambliss vs. Miller, 15 Ann. 713.

3. The preponderance of evidence is that the opponents have never been evicted from the property in question; as up to the time the testimony was taken in this cause, by the admission of one of the opponents they were still rendering the land for taxation.

*Farrar, Jonas & Kruttschnitt* on the same side.

*Merrick & Merrick* for Opponents and Appellees:

The rights and obligations arising under an act passed in one State to be executed in another respecting the transfer of *real* estate in the latter, are regulated in point of *form, substance* and *validity* by the laws of the State in which such acts are to have effect. 39 Ann. 952, Succession of Larendon.

A party purchasing land in Texas is entitled to recover against a remote warrantor where his title has failed. Where the Supreme Court of Texas has decided that the land sold was not within a certain tract, and therefore that title thereto was in the State; and where the State surveyed the land for school and homestead purposes and sold the same to third persons, this constitutes an eviction.

Actual eviction is not necessary where superior title is shown to be in the State and the land is abandoned under the title in question. 36 Ann. 792, Filhiol vs. Cobb; 9 Wall 900.

Warranty runs with the lands under the laws of Texas. 20 Texas, 623, Peck vs. Hinsley; 51 Texas, 178, Westhope vs. Chambers.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

TODD, J. This is an appeal taken by an executor of a succession from a judgment rendered maintaining an opposition to his account.

There is a motion to dismiss the appeal—

1st. On the ground that the appellant (the executor) has no appealable interest;

2d. That the court has no jurisdiction *ratione materiæ.*

I.

The opposition to the account is in the nature of a suit against the succession; that is, it is a demand on the part of the opponents to compel the executor to place them on the account as creditors of the succession for a designated sum. Their demand was recognized by the court as a just one, and the account amended by placing the claim on the account and ordering its payment.

Under this state of facts the executor, as the representative of the succession under administration, had certainly, in his representative capacity, an interest to appeal in behalf of the succession; and it was his duty to do so if he believed the judgment was wrong. An executor has an interest to appeal whenever it is sought to wrest from him property belonging to the succession, or to impose a debt upon it which will diminish its assets in the fund to be distributed among the heirs or creditors; and his right to appeal exists independently of the heirs or creditors. Succession of McKenna, 23 Ann. 370; Succession of Chambury, 34 Ann. 25; Coyle vs. Succession of Creevy, *Ib.* 541.

The cases referred to in support of the motion only apply to the case of a contest of creditors over a fund in the hands of an executor or administrator for distribution, and the determination of which cannot add to or diminish the assets of the succession; as where the litigation only concerns the rights of opposing creditors to a certain fund or the right to be paid by preference out of it. In such case it is a matter of indifference to the executor which creditor succeeds, and he has no interest whatever in the judgment determining the question.

II.

The amount shown by the account to be in the hands of the executor for distribution exceeds $2000, and this gives the Court jurisdiction.

Motion to dismiss is therefore refused.

---

ON THE MERITS.

WATKINS, J. The present controversy arises in the testate, and apparently solvent, succession of Henry Cassidy, a citizen and resident

of this State, and which was opened in October, 1884. It is raised by way of an opposition to a final account. The opponents are Arthur E. Spohn and Catherine Hamilton, administratrix of the estate of Alexander Hamilton, citizens of the State of Texas.

The following are the grounds of their opposition, substantially, viz:

That on the 9th of December, 1875, the deceased, in consideration of the price of two thousand dollars, sold to Horace Wright Cassidy a tract of land situated in Neuces county, Texas, with full warranty of title to said purchaser, his heirs and assigns; and on the 11th day of July, 1878, said vendee, for and in consideration of the price of $1822.50, sold said tract of land to Arthur E. Spohn and Dr. Alexander Hamilton, opponents herein, with like warranty of title.

That by a decision of the Supreme Court of the State of Texas, rendered in March, 1884, opponents' title to said land was declared null; and State patents have been issued to other parties, and they have been compelled to abandon it.

They aver that they were in effect subrogated, by their vendor, Horace Wright Cassidy, to the warranty of Henry Cassidy, "whose covenant of warranty runs with the land, under the law of the State of Texas, and should protect petitioners;" and that the succession of Henry Cassidy is liable to them under the law of the State of Texas, against which opponents are entitled to recover on said obligation of warranty.

That, notwithstanding their right to have their claim placed upon the final account of, and paid out of the assets of said succession, the executor has neglected and omitted same, and proposes to surrender the assets thereof to the heirs.

Wherefore they pray for an appropriate amendment of the account and judgment conformably thereto.

Horace Wright Cassidy was not made a party to the opposition; nor was the attorney for absent heirs, appointed to represent them, cited.

The defenses set up to this claim are as follows:

1st. That this claim and suit cannot be prosecuted against the succession of Cassidy without making Horace Wright Cassidy a party thereto.

2d. That there is no cause of action at all by these opponents against the succession of Henry Cassidy, because there is no privity of contract between the succession of Cassidy and these opponents, Spohn and Hamilton; and because Spohn and Hamilton were never subrogated by Horace Wright Cassidy to his action, whatever it might be, against the succession of Henry Cassidy.

3d.   That no such dispossession of the land in question, and no such conclusive conflicting title to the land in controversy, is shown as would create a legal eviction.

### I.

The first question to be determined is whether this is a personal or real action.

Strictly speaking it is neither; because an opposition to an executor's account is an *answer*, and has for its object to test its correctness. The executor has not admitted or approved of opponents' claim. It would have been more regular and formal for opponents to have brought a *direct* action against the executor for the recognition and establishment of his. demand. But no objection has been raised on that account. Yet, if we should find their opposition to be of the nature of a *real* action which "must be brought against the testamentary executor *and* the heirs" (C. P. 123), there would be a stronger reason why the heirs should be cited to answer it.

For if this is not a personal action, the executor has no authority to represent the heirs, and a judgment against him *alone* would not bind them.   Hart vs. Bone. 5 La. 97; Bird, executor, vs. Dufour, executor, 34 Ann. 322; Cronan vs. McDonough's Executor, 9 Ann. 302.

The Code of Practice provides that "the obligation which one contracts to defend another in some action which may be instituted against him, is termed warranty."   Art. 378.

It further declares that "warranty may be of two kinds, real or personal.   Real warranty is that which arises in *real* or hypothecary actions; as when a purchaser is sued in eviction of an immovable property which has been sold him."   Art. 379.

This opposition—treated *as* an action—is undoubtedly a *real* action; and, hence, the heirs of Henry Cassidy, whether present or represented, should have been cited.

The fact of the attorney for absent heirs having joined the executor's counsel in making objections to the introduction of testimony, and in insisting on his plea of no cause of action, cannot amount to such a waiver as would confer the power on the executor to stand in judgment alone.

### II.

Notwithstanding the views we have expressed will necessitate the remanding the case, we feel it our duty to examine and pass upon the plea of no cause of action—the contention of the executor's counsel being that there is no privity of contract between the succession of Henry Cassidy and the opponents, they never having been subrogated

by Horace Wright Cassidy to his right of action in warranty against Henry Cassidy.

His argument is, that unless there had been an express subrogation by Horace Wright Cassidy to Spohn and Hamilton of his action of warranty against Henry Cassidy. no action against the latter is maintainable in favor of opponents against Henry Cassidy's succession and heirs.

The Code of Practice provides that "when one is sued in eviction of an immovable property sold to him * * * he shall be entitled to a delay, in order to have his warrantor made a party to the suit," etc. Arts. 380, 387.

It further provides that "if the defendant is cast in the action, the judge, when he gives judgment against defendant, must render, at the same time, a judgment in *favor* of the defendant against *his* warrantor for whatever indemnity my be due to such defendant." Art. 385.

Hence, it would seem to be necessary, in order to avoid a circuity of action, that the vendee should be subrogated to his vendor's right of action in warranty against his vendor.

This principle has been recognized and applied in the following cases, viz: Van Norghton vs. Foreman, 1 N. S. 352; Davidson vs. Charber's Heirs, 6 N. S. 321; Smit vs. Wilson, 11 R. 522; Chambliss vs. Milier, 15 Ann. 713; Filhiol vs. Cobb, 36 Ann. 793.

In each of those cases it was substantially decided that the vendee who has not taken an express subrogation of his vendor's right of action in warranty, on the person from whom he bought, cannot, in case of eviction, maintain an action against the first seller.

The application of this principle in the instant case does not interfere with the control over contracts given to the *lex rei sitœ*, which was so clearly expounded in the Succession of Larendon, 39 Ann. 952.

The question here is one relating to the form and effect of an *action*, and not one relating to the law governing the contract. C. P. 13.

Such a question a court of this State has the unmistakable right to decide.

We are of the opinion that opponents have no right of action against the succession of Henry Cassidy, primarily. That the opponents should have litigated the question of liability witn their *own* warrantor, Henry Wright Cassidy, and contradictorily with him established their demands. under their contract with him.

But inasmuch as the parties concerned are all heirs of the succession of Henry Cassidy, we can see no objection to its final settlement therein, after due citation, and on competent and sufficient evidence.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and it is further ordered, adjudged and decreed that the cause be remanded to the court *a qua*, with leave to opponents to make proper parties, and that same may be, thereafter, proceeded with according to law and the views herein expressed; the cost of appeal to be taxed against the opponents and appellees, and the cost of the lower court to await final judgment thereon.

## On Rehearing.

Poché, J.　Our reasons for re-opening this case originated from doubts which we entertained of the correctness of our conclusions in determining the nature of the action presented in the pleadings of the opposition of Spohn and Hamilton, appellees herein.

A second examination of the question constrains us to reconsider the conclusions announced in our previous opinion.

By way of opposition to the final account of the succession of Henry Cassidy, Spohn and Hamilton, the latter therein represented by his widow and surviving partner in community, instituted an action for the recovery of the purchase money of a tract of land which they had bought from Horace Wright Cassidy in 1878, it being the same land which their said vendor had acquired from Henry Cassidy, (since deceased) in 1875; from which property they claim to have been evicted under the effect of a decision of the Supreme Court of the State of Texas, in which said lands are situated, rendered in March, 1884.

Their right of recovery was resisted on the grounds substantially:

1st. That Horace Wright Cassidy should have been made a party to their action;

2d. That opponents had no cause of action against Henry Cassidy, who was not their immediate vendor, and was not their warrantor;

3d. That opponents had not been legally evicted from the lands.

Treating the opposition as a real action, we had remanded the cause for the purpose of allowing opponents to make proper parties as contemplated by the provisions of the the last paragraph of Article 123 of the Code of Practice.

And therein lies the error of our previous decree.

Opponents' right of action being grounded on an alleged previous eviction, their demand cannot be treated as a call in warranty within the purview of Articles 378 and 379 of the Code of Practice.

It is in the nature of a demand for compensatory damages arising

out of an eviction from property which they had purchased from the vendee of the deceased; hence it cannot be treated otherwise than as an action for the recovery of a sum of money, growing out of an alleged contract of warranty. The proper definition of its nature must therefore be controlled by the provisions of Article 12 of the Code of Practice, which are to the effect that "Actions tending to recover an immovable, or a real right, or an universality of things, such as an inheritance, are considered real; while actions for the recovery of a movable or of a sum of money, though accompanied with a mortgage, are not real actions."

The real warranty, as contemplated in Article 379 of the Code of Practice, arises only in the cases therein enumerated, in which the call in warranty partakes of the nature of a real action only in so far as it is an incident to the main demand.

But in an action to recover a sum of money in connection with a covenant of warranty after an alleged eviction of the party claiming, the immovable which was the subject-matter of the sale and of the eviction then ceases to be a factor in the controversy, and such a demand must be considered as a personal action. To that effect was the ruling of this Court in a case of great, if not absolute, similarity to the *status* of the present controversy. Bracey vs. Calderwood, 36 Ann. 796.

The authority of that case also affords an answer to the contention that Horace Wright Cassidy should have been made a party as the immediate vendor of opponents. The record shows that he is a résident of Texas, and it is clear that no valid judgment could have been rendered against him as a warrantor in the present action by the courts of Louisiana. And moreover, under the views hereinafter expressed, he was not a necessary party in the issues which opponents tender to the succession of Henry Cassidy.

The deceased was his vendor, and as such the latter could not urge any demand in warranty or for indemnity against his vendee. Hence it follows that for the purposes of opponents' demand against the succession of Henry Cassidy, all necessary parties were before the court, and that a valid final judgment may under the pleadings be rendered in the case. It was not necessary to that end that Horace Wright Cassidy, the absent heir, should have been made a party. The testamentary executor was competent to represent the succession in the present action. Article 123 of the Code of Practice provides as follows: " Testamentary executors may appear and defend all the actions brought against the successions they administer, when none of the heirs are present or represented in the State; but if all the heirs, or

any one of them, be present or represented, none but personal actions can be brought against the testamentary executor alone."

We therefore conclude that this case, although presented in a very unusual form, is in such a shape as to justify us in considering its merits. This brings us to the discussion of the contested right of the opponents to sue as warrantor a remote vendor in the chain of titles without first exercising their recourse against their immediate vendor.

The sale by Henry Cassidy to Horace Wright Cassidy was executed in this State, and the deed of the latter to Spohn and Hamilton was executed in the State of Texas, and as already stated, the lands which were the subject-matter of both contracts are situated in Texas.

Hence it follows that the rights and obligations of the parties under both contracts are to be governed by the laws of Texas. This question was discussed and maturely considered in the case of the succession of Mrs. Charles A. Larendon, 39 Ann. 952, in which the rule was formulated in the following language : " The rights and obligations arising under acts passed in one State to be executed in another, respecting the transfer of *real* estate in the latter, are regulated in point of *form*, *substance* and *validity* by the laws of the State in which such acts are to have effect."

Now, under the laws and according to the jurisprudence of the State of Texas, a grantee may maintain an action and recover for breach of covenant of warranty against his immediate or remote vendor. Under that system " a covenant of warranty runs with the land." The existence and recognition of that principle in the laws and jurisprudence of Texas, in which the common law prevails, is shown by the testimony of eminent practitioners in that State, who support their conclusions by reference to authorities in point. Hobby's Texas Land Law, Sec. 37, B; Peck vs. Housley, 20 Texas Reports, p. 677. See also, Hunt vs. Anvidon, 4 Hill N. Y. p. 347; 42 Mich., Port vs. Campau; Stony vs. N. Y. Elev. R. R., 163.

We therefore hold that in this case opponents could maintain their action against Henry Cassidy their remote vendor, or his succession, without first exercising their recourse against their immediate vendor, Horace Wright Cassidy. And this was one of the reasons for which we held, in another part of this opinion, that as vendor or warrantor, the latter was not a necessary party in these proceedings.

We must now discuss the question as to whether opponents have been legally evicted or not, and that involves the consideration of two propositions :

1st. One of law, and that is whether such an eviction must neces-

sarily result from direct judicial process against the alleged evicted vendee;

2d. Whether, if evicted in law, those opponents have actually abandoned the property.

## I.

The negative of this proposition not only flows from competent authority on the laws and jurisprudence of Texas, but the principle is conceded in brief by the present counsel of the testamentary executor. who say: "The Texas authorities referred to by opponents   *   *   *. undoubtedly establish the fact that a purchaser may sue his vendor for a breach of the covenant of warranty without showing eviction under legal process; but they also show that, in order to recover in such action, the purchaser must plead, prove and establish the validity of the adverse title which he admits and claims to be paramount to that transferred to him by his vendor, and must show an actual disposession by virtue thereof."

We understand both of the foregoing propositions to be correct, and to precisely express the law which governs this point of the case.

Hence, we shall now turn our attention to the question of the alleged eviction which underlies opponents' right of recovery.

## II.

On this, which is the pivotal, point in the case the record discloses the following facts, substantially:

The lands which Henry Cassidy sold to his son, and which the latter subsequently transferred to Spohn and Hamilton, were represented, and are now held, as forming a part of a larger tract of land known as the Enrique Villareal grant, obtained by the latter from the Mexican State of Tamaulipas. It subsequently appeared from official surveys made under the authority of the State of Texas, that the Villareal grant did not extend as far west as the location of the Cassidy lands and of other lands held by the grantee of Villareal, and that the State authorities proceeded to survey and to dispose of those lands as belonging to the State.

A suit was then instituted by the administrator of H. L. Kinney, who owned the grant in question, against certain parties who held under the State of Texas. That litigation was settled by the Supreme Court of Texas in May, 1884, in a decision which defined the proper limits and boundaries of the Villareal grant; and which adjudicated that all lands situated west of a certain line, which was held to be the western boundary of the grant, were not embraced in, or covered by, the Villareal grant.

That litigation is entitled Schæffer vs. Berry, executor, et al., and is reported in the 62d vol. of Texas Reports, p. 705.

It is in proof in this record that the lands sold by the Cassidys are situated west of the western boundary of the Villareal grant, established by that decision; hence, they are not a part of the grant, and it follows that the title of the State of Texas and of its vendees and assignees is paramount to the title held by these opponents by means of their purchase from the Cassidys as vendees of H. L. Kinney. That state of things must be held as a legal eviction of Cassidy's purchasers.

These facts are gathered from a voluminous record, to which it is unnecessary to refer in detail.

On the question of actual abandonment, the testimony is conflicting, but the preponderance of the evidence shows that opponents have been dispossessed of, and that they have actually abandoned, the lands under the title which they had acquired from Cassidy.

The judicial declarations made by them in this action would of themselves estop them from hereafter claiming either the ownership or the possession of the lands in question as the grantees of Horace W. Cassidy.

These considerations lead us to the affirmance of the judgment rendered below, which was in favor of opponents for the amount of their purchase price paid to Horace Wright Cassidy, with interest of 5 per cent per annum from January 1, 1885. We are not disposed, and we find no reason, to favor appellees' motion for an increase of the rate of interest, and we are satisfied that the district judge has done substantial justice to the parties.

It is therefore ordered that our previous decree rendered herein be cancelled and set aside, and that the judgment appealed from be affirmed with costs.