100 So.2d 888

The SUPERIOR OIL COMPANY

v.

James S. REILY et al.

No. 43607.

Feb. 10, 1958.

Rehearing Denied March 17, 1958.

F. P. Jones, Jr., Houston, Tex., Liskow & Lewis, Lake Charles, for plaintiff-appellant.

Hargrove, Guyton, Van Hook & Hargrove, Shreveport, amicus curiae.

Jack P. F. Gremillion, Atty. Gen., Harry Fuller, Second Asst. Atty. Gen., John L. Madden, Sp. Asst. Atty. Gen., for defendants-appellees.

PONDER, Justice.

In these proceedings the plaintiff seeks a declaratory judgment under LSA–R.S. 13:-4231 et seq. to determine whether severance taxes are due on a one-sixth royalty interest belonging. to the State under a lease to the plaintiff on lands situated in Cameron Parish acquired by the State from the Rockefeller Foundation by deed of donation dated September 30, 1920. To the suit the Collector of Revenue filed an exception to the jurisdiction ratione materiae (so titled) on the ground that the suit is one against the State and no special legislative act has authorized same; and that the procedure in LSA–R.S. 47:1576 providing for payment under protest and suit to recover same, has not been followed. The Register of State Land Office and the State Mineral Board also filed exceptions to the jurisdiction ratione materiae and exceptions of no right or cause of action. From a judgment maintaining the exceptions of no right or cause of action because the procedure in LSA–R.S. 47:1576 had not been followed, the plaintiff has appealed. The trial judge in his written reasons for judgment also pointed out that the petition did not allege that there was no remedy by ordinary action and that, therefore, this is not a proper situation for a declaratory judgment.

It is the contention of appellant that to pay severance taxes to the Collector of Revenue may be a violation of the deed of donation, the pertinent part of which reads as follows: "Should explorations on neighboring lands indicate the presence of oils or minerals on or under the lands herein donated, the donee may permit explorations to be made on the lands herein donated, * * * upon the further condition that the revenues from such oils and minerals so mined and developed shall be first used for the purpose of paying the expense of the maintenance, policing and improvement of this wild life refuge or reserve, and the development of conditions suitable for improving such wild life refuge or reserve. Any surplus of revenues coming from such mining developments shall be used by the State of Louisiana for the development and improvement of the *public schools of the State of Louisiana or for public health work within the State of Louisiana."*

Appellant has paid all severance taxes on production obtained from the properties except the one-sixth owned by the State and it has paid to the Register of Land Office this amount less the amount of severance taxes which it is holding in suspense.

Appellant seeks a declaration as to whether it owes a portion of the one-sixth royalty as severance taxes to the Collector of Revenue, or whether the whole one-sixth royalty should be paid to the Register of State Land Office without any tax deduction. While appellant does not challenge the validity of the severance tax law as a whole, it contends that the law does not levy the tax against the State itself in contravention of the terms and conditions of the donation

deed accepted by Act 71 of 1920 and to do so would impair the obligation of the State's contract with the Rockefeller Foundation.

The defendants-appellees contend that appellant failed to allege that the actions of the appellees, or either of them, were not in keeping with statutory provisions and there is no allegation that the Federal Government, which under the deed of donation has all of the reversionary rights in the land, has threatened to succeed to the prior rights of the Rockefeller Foundation. Appellees point out that no tax has in fact been paid and there is no action on the part of appellees which appellant can claim is not in keeping with law. It is the contention of appellees that until the procedure in LSA–R.S. 47:1576, providing for payment under protest and suit to recover same, is followed there is no justiciable controversy.

On this point the trial judge held:

"In order for a party to be entitled to a declaratory judgment the petition must set forth sufficient interest in a genuine, bona fide dispute for settlement of which there is no remedy by ordinary action. There must be reasonable grounds or basis for a controversy. The petition in this suit does not meet these requirements. The plaintiff acknowledges that Act 24 of the Extra Session of 1935 levies a severance tax on all mineral production in the State. The producer should deduct the amount of the tax from the lessor's royalty interest. Money for royalty is paid to the Register of the State Land Office. Money for severance tax is paid to the State Treasurer. Both amounts are disbursed by the respective officials as the Legislature directs, except, of course such disbursements of revenues from the lands here in question must be in accordance with the provisions of Act 71 of 1920 and of the Deed of Donation to the State of Louisiana. The severance tax act of 1935 could not work impairment of the obligations imposed by the Deed of Donation executed pursuant to Act 71 of 1920. Whether the State's exemption from the payment of general property taxes ([LSA] Constitution, Section 4, Article 10) extends or applies to the imposition of such excise taxes as severance taxes or mineral royalties this Court is not called upon to decide in this proceeding. If this plaintiff has any interest or reason to desire that all the money from its mineral production under these leases coming to the State be paid only as royalty then the plaintiff can test its status to have that determined by making the payments as the law directs under protest and then bring an ordinary action to seek a judgment decreeing that severance taxes are not due on the State's royalty interest in mineral production under plaintiff's leases referred to. R.S. 47:1576."

Appellant urges that this is the only procedure adequate to settle the whole controversy between the parties to the suit since this would not be possible under the statutory procedure provided for in LSA–R.S. 47:1576, which provides: "In such action, service of process upon the collector shall be sufficient service, and he shall. be the sole necessary and proper party defendant in any such suit."

■ This court in Burton v. Lester, 227 La. 347, 79 So.2d 333, 335, discussed at length the Uniform Declaratory Judgments Act of Louisiana and therein said that whether the relief sought will be granted is a matter of judicial discretion to be determined after considering the case on its own peculiar facts. As the court put it: "Viewed as a whole, the legislation manifests an effort to provide a simplified procedural remedy for all classes of civil disputes and vests in the courts a wide discretion in each case to determine whether it is or is not one for declaratory relief."

It is the contention of the Attorney General that appellant, as the State's lessee, cannot be heard to challenge the title of the State under which it holds or to have any legal relations between the United States and the State of Louisiana judicially determined especially since no allegation is made in plaintiff's petition that the State of Louisiana, through an officer, representative or agent authorized to act for it, has violated or threatened to violate any condition stipu-

lated in the deed of donation. The Attorney General points out that it is provided in the donation that should the donee at any time fail to. comply with the conditions of the deed the donor, shall, in written notice addressed to the Governor of the State of Louisiana, call to the attention of that official the default or failure on the part of the donee and the donee thereafter has a period of six months to correct the default complained of before the property shall revert to and revest in the donor.

■ It must be presumed that the officers of the State will do their duty and it cannot be assumed that the revenues derived by the State from the production on this property when eventually deposited with the State Treasurer, will be used either in whole or in part, for purposes other than those stipulated in the deed of donation.

This court in two recent cases declined declaratory relief on abstract, theoretical and hypothetical questions. Tugwell v. Members of Board of Highways, 228 La. 662, 676, 678, 83 So.2d 893, 899, and State v. Board of Supervisors of Louisiana State University, 228 La. 951, 84 So.2d 597.

We pointed out in Tugwell v. Members of Board of Highways, supra, that:

"In order for courts to entertain an action for declaratory relief, however, it is well settled in other jurisdictions that there must be a justiciable controversy, and the question presented for

judicial decision must be real and not theoretical, as courts do not give advisory opinions upon abstract questions. Therefore a declaratory action generally cannot be maintained unless it involves some specific advisory question or controversy asserted by interested parties and based on an existing state of facts, and a declaration of rights must be refused if the issue presented to the court is academic, theoretical, or based upon a contingency which may or may not arise."

■ Being of the opinion that a justiciable controversy is not presented herein and that the district court was without jurisdiction to entertain the suit, the proceedings are hereby dismissed at appellant's cost.

FOURNET, C. J., and SIMON and McCALEB, JJ., concur.

HAWTHORNE, J., concurs in the decree dismissing the plaintiff's suit.

FOURNET, Chief Justice (concurring).

It is my opinion that while the controversy involved here is a genuine one, necessary and indispensable parties have not been joined as litigants, and, consequently, any decision this court might render would be ineffective as to them. I am therefore in accord with the result reached in the majority opinion which dismisses the suit.

McCALEB, Justice (concurring).

While I do not agree with the reasoning of the majority opinion, I am convinced that this case is not a proper one for declaratory relief because all interested parties, i. e., the Federal Government and/or the Rockefeller Foundation, have not been cited. Obviously, no judgment could be rendered by the district court which would have binding effect on the donor or its successor and, hence, a declaration of rights would be purely advisory.

I concur in the decree.

SIMON, Justice (concurring).

I am in full accord with the reasoning and conclusions resulting in a dismissal of this suit as reached herein for the reason that there is no justiciable controversy presented. However, it is my opinion that the judgment of the lower court sustaining the exception of no right and no cause of action should be affirmed and for this reason the suit should be dismissed rather than the sustaining of the exception and plea of want of jurisdiction ratione materiae as decreed herein.

Rehearing denied; HAMITER and SIMON, JJ., dissenting.