LANDRY, Judge.
This is a boundary action instituted by way of a suit for declaratory judgment. Plaintiff Vignes, owner of a certain tract of land situated in Pointe Coupee Parish, seeks contradictorily to establish the bounds of his said estate with defendants, Nellie Jarreau, and others, proprietors of abutting lands lying to the north of those owned by plaintiff. To his petition plaintiff attached a plat of survey made by a registered, licensed surveyor of plaintiff’s choice and prayed that the line thus determined be judicially declared the boundary. Defendants peremptorily excepted to plaintiff’s petition as stating no cause of action on the grounds (1) an action for declaratory judgment does not lie in a boundary suit, and (2) the survey advocated by plaintiff is null and void because it was not conducted under supervision of the court as required by La.C.C. Articles 833-838. The trial court overruled defendants’ exception and after considering the matter on its merits, fixed the boundary pursuant to a survey made by a surveyor engaged by defendants. From said adverse ruling, plaintiff has appealed. Defendants have answered the appeal contending the trial court correctly decided the matter on the merits. Alternatively, defendants assert their exception of no cause of action.
We find the trial court erroneously overruled defendants’ said exception and dismiss plaintiff’s action.
Plaintiff recognizes and concedes this action may have been brought pursuant to the provisions of La.C.C.P. Articles 3691-3693, inclusive, which provide for actions to fix boundaries. Nevertheless, plaintiff maintains on authority of Giroir v. Dumesnil, 248 La. 1037, 184 So.2d 1, 21 A.L.R. 3d 765; Orleans Parish School Board v. Manson, 241 La. 1029, 132 So.2d 885, and Womack v. Sternberg, La.App., 162 So.2d 119, action for declaratory judgment is appropriate herein because there was visible evidence of the common line found by plaintiff’s surveyor. In. essence plaintiff contends the Declaratory Judgment Act, LSA-C.C.P. Article 1871 et seq. establishes an alternative remedy to our historic and traditional boundary action statutes. We disagree for the reasons hereinafter set forth.
Article 1871 LSA-C.C.P. provides in part as follows:
“ * 4 * No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases zi'here it is appropriate.” (Emphasis by the Court.)
We acknowledge the aforesaid statute to be broad in scope. In its entirety, the Declaratory Judgment Act provides a simplified procedural remedy in civil causes. Superior Oil Co. v. Reily, 234 La. 621, 100 *568 So.2d 888. It has been held by our Supreme Court to be merely a procedural device by which courts make declaratory findings which are binding on the parties thereto. State v. Board of Supervisors, Louisiana State University & Agricultural & Mechanical College, 228 La. 951, 84 So.2d 597. In the view of this court an action for declaratory judgment while not a summary action per se, nevertheless to some extent partakes of the nature of a summary action in that it is a simplified proceeding.
We note with considerable emphasis that Article 1871, supra, clearly states the existence of other adequate remedy does not preclude usage of the declaratory action where it is appropriate. (Emphasis by the Court.) Notwithstanding the admittedly broad scope of subject statute, nevertheless the qualifying words “where it is appropriate” contained therein, must be deemed of some import. Every clause of a statute must be given meaning where it appears logical and reasonable. Washington Par. Pol. J. v. Washington Par. Hosp. S. D., La. App., 152 So.2d 362 (First Circuit 1963), writ refused, 244 La. 669, 153 So.2d 883.
Our perusal of the Declaratory Judgment Act as a whole reveals no indication of legislative intent to make its provisions applicable without limitation to every class of action known to our law. If such meaning were intended, the legislature could have easily chosen language unmistakably conveying such import. Instead we note the presence of the qualifying phrase “where it is appropriate”. We hold, therefore, use of the aforesaid restrictive phrase shows the legislature intended to place some restriction or limitation upon resort to the action for summary judgment. Additionally, we note Article 1871 La. C.C.P. further provides that invocation of the statute does not exist as a matter of right but rests within the sound discretion of the court. This latter restriction was expressly recognized and applied in Superior Oil Co. v. Reily, 234 La. 621, 100 So.2d 888.
The rules governing conduct of actions to establish boundaries, as known to our law, are set forth in minute detail in La. C.C. Articles 823-858, inclusive and La. C.C.P. Articles 3691-3693, inclusive. In effect these regulations provided that an action of boundary is imprescriptible, La. C.C. Article 825. They also prescribe that a boundary may be fixed either extra-judicially by mutual consent or judicially, La. C.C. Article 832. In either event the boundary shall be established by a surveyor appointed by the court, La.C.C.P. Article 3692 and La.C.C. Article 833. The surveyor so appointed is bound to make a proces verbal of his work in the presence of two witnesses, La.C.C. Article 834, upon giving notice to the parties concerned, La.C.C. Article 835.
We note also with some significance that La.C.C.P. Article 3693 expressly asserts that the fixing of boundaries “shall be determined in an ordinary proceeding in accordance with the rights and titles of the parties.” (Emphasis supplied by the court.)
Our review of the authorities which have construed the pertinent codal provisions reveals both a historical and traditional interpretation thereof to the effect that the requirements set forth are indispensable to the boundary action. For example, it has been consistently ruled that failure to give the notice provided for in La.C.C. Article 838, taints the action with absolute nullity as stipulated in said statute. In the more recent case of McDaniels v. Miller, La. App., 136 So.2d 763, the Court, after finding the survey in question did not accord with the terms of La.C.C. Articles 833 and 834, stated:
“Furthermore, the equally important formalities prescribed by Articles 835, 836 and 837, LSA-R.C.C., were likewise ignored. Consequently the survey was an absolute nullity and could not serve as the basis for a judicial determination of the boundary between the estates of the litigants at bar. Article 839, LSA-R.C.C. Tycer readily concedes he did not observe the formalities prescribed by law in such *569 instances. He further acknowledges his survey was entirely informal and private since he was unaware it was to be used in the fixing of a boundary either judicially or extrajudicially.
From the foregoing it follows the learned trial court was without right, power or authority to fix the boundary between the contiguous estates of these litigants.”
We are herein called upon to resolve the decisive question of law presented by defendant’s exception, as a matter of first impression. Finding no precedent to guide us, we conclude, in view of the foregoing, that the statutes governing boundary actions in this state are intended to be exclusive in application considering the express mandatory nature of their several provisions. We are buttressed in this opinion by the hereinabove quoted provisions of La.C.C.P. Article 3693 which specifically recites that the fixing of a boundary shall be determined in an ordinary proceeding. The use of this mandatory language appears to foreclose institution of a boundary action in any other form. It evidences legislative intent to limit the boundary action solely and exclusively to an ordinary suit in which the applicable statutory provisions shall be rigidly followed and applied, under penalty of nullity in the event of failure to so conform.
It might be urged that suit for declaratory judgment could be resorted to in matters of this kind provided the pertinent statutory regulations were observed. This we believe, would constitute an anomaly considering the intent of the Declaratory Judgment Law is to provide a simplified form of litigation in appropriate cases. If the terms of the boundary action rules are observed, in causes of this kind, there would in effect he no simplified procedure but rather an action conducted under regulations expressly provided by law.
We find none of the authorities cited and relied upon by plaintiff-appellant either controlling or determinative of the issue before us. Giroir v. Dumesnil, supra, for example, did not involve a boundary action but rather concerned an action by plaintiff to be recognized as owner of certain lands pursuant to an act of conveyance thereof.
Orleans Parish School Board v. Manson, supra, posed the issue of the merchantability of plaintiff’s title to certain real property acquired from defendant’s ancestor for school purposes.
Womack v. Sternberg, supra, was not an action to fix a boundary but to adjudicate the rights and duties of the parties to a contract providing for the exchange of real estate.
The above cited authorities obviously involve actions wherein an action for declaratory judgment is appropriate. In the case at hand such action is not appropriate inasmuch as our laws provide that an action of boundary shall be conducted in an ordinary proceeding pursuant to specific procedures which must be rigidly observed under penalty of nullity of the entire action.
Accordingly, it is ordered, adjudged and decreed that the judgment of the trial court fixing the boundary between plaintiff’s and defendants’ estates be and the same is hereby annulled, reversed and set aside.
It is further ordered, adjudged and decreed that defendants’ peremptory exception of no cause of action be and the same is hereby sustained and plaintiff’s suit dismissed; all costs of these proceedings to be paid by plaintiff Samuel H. Vignes.
It is further ordered, adjudged and decreed that the right of plaintiff Samuel H. Vignes to institute a proper boundary action to fix the limits between his estate and that of defendants herein, be and the same is expressly recognized and reserved.
Reversed and dismissed.