WESTERN DIST.
*August*, 1834.

LANOUE
*vs.*
REED ET ALS.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, the verdict set aside, and the case remanded for a new trial, the costs of appeal to be paid by the appellee.

---

**LANOUE *vs.* REED ET ALS.**

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

Where a married woman is sued as heir, it is necessary that the husband be cited to assist his wife, in defending the suit.

So where the wife as heir, was sued together with her husband, and the citation of appeal is directed to her alone, although served on the husband, the appeal will be dismissed, for want of legal citation.

This suit was instituted against John Reed, testamentary executor of Mrs. Sarah Rowell, deceased, for the rescission of the sale of three slaves, which the plaintiff purchased at the sale of the succession of Mrs. Rowell. The plaintiff prays, that the executor and Mrs. Mary Pierce, wife of Constantius Pierce, assisted by her husband, be cited &c. The citation in the District Court, was issued and directed to the executor, and *Mrs. Mary Pierce, wife, &c.* On the trial, the defendant had judgment, and the plaintiff appealed. The citation of appeal was directed to Reed, the executor, and to *Mrs. Mary Pierce, testamentary heir of* Mrs. Sarah Rowell, deceased, wife of Constantius Pierce, &c., and served on Reed and " *C. Pierce in person.*" Pierce, the husband, was not directed, in the body of the citation, to *be cited*, although the sheriff made personal service on him alone.

*A. N. Ogden*, for the defendants and appellees, moved to dismiss the appeal on the following grounds :

1. That Constantius Pierce, the husband of Mrs. Mary Pierce, one of the appellees, has not been *cited* and made a party to the appeal, as is required by law.

2. That the certificate of the judge, that the evidence found in the record, is conformable to his notes of the same, is insufficient, the evidence not having been taken down in writing, by the clerk of the court, and there being no statement of facts, bill of exceptions, or errors, assigned.

WESTERN DIST *August*, 1854.

BURROUGHS
*vs.*
NETTLES.

*Brunot, contra.*

*Mathews, J.,* delivered the opinion of the court.

The appellees move to dismiss this appeal, on the ground of want of legal citation.

The suit is brought against an executor, and a testamentary heir; the latter being a married woman, was sued together with her husband. He is not cited in the appeal, which ought to have been done, being a party to the suit, necessarily made so, to protect the interest of his wife.

It is, therefore, ordered, that the appeal be dismissed, at the cost of the appellant.

Where a married woman is sued as heir, it is necessary that the husband be cited to assist his wife in defending the suit. So where the wife as heir, was sued together with her husband, and the citation of appeal is directed to her alone, although served on the husband, the appeal will be dismissed for want of legal citation.