The opinion of the court was delivered by
McEnery, J.
Mrs. Wilhelmina Ziegler, the divorced wife of the plaintiff, died in the city of New Orleans. She left a will in which she gave to her divorced husband two pieces of property. She also made other particular legacies, and instituted a universal legatee. The legatee, Fred. Spath,'at the time of the execution of the testament, was a judgment debtor of the deceased. His contention is that the property bequeathed to him should be delivered to him by the universal legatee free from the operation of the judicial mortgage created by the recordation of the judgment ¡against him, and in favor of the testatrix. The contention of the plaintiff is that a just interpretation of the will is that it was the intention of the testator to give said property free and unincumbered; otherwise the disposition would be inconsistent, meaningless and without effect, as *1169 she would give with one hand and take back with the other. In other words she gave the plaintiff property to be taken back on the execution of the judgment in her favor.
Whether this would be the effect of the judgment, we do not know, as we find no valuation of the property bequeathed in the record. But this is immaterial. The testatrix knew that she had the judgment against plaintiff as well as she knew that she owned the property given to him.
There is no ambiguity in the language of the will. There is no room for interpretation, other than that which its plain language conveys. She o-wned the judgment. She made no disposition of it. She gave to the plaintiff a certain part of her estate. We can not so interpret her will so as to make her give more than that which she plainly says she bequeathed to plaintiff.
The plaintiff was a debtor of the deceased. If she had left a slim of money to plaintiff less than the judgment, it is plain that the judgment could only be credited with the amount bequeathed. So in this case, if the property is less in value than the judgment, the plaintiff will be benefited to the extent that his judgment is lessened by the value of the property.
The prayer of plaintiff’s petition is that the judgment rendered in the case of Mrs. Wilhelmina Ziegler Spath against the plaintiff, and recorded, be declared null and void so far as it concerns the property bequeathed to plaintiff. The debt is not asked to be declared as satisfied by the legacy of the two lots to plaintiff. As long as the debt exists, which the judgment only recognizes, the mortgages resulting from the recorded judgment must also exist. There is only one interpretation of the will that can give the relief prayed for, the cancellation of the mortgage, and that is by interpreting the will in such a manner that it bequeaths to plaintiff the debt he owed • the succession. No disposition of the debt was made by the testatrix, and we can not dispose of what she has not. We are powerless to make a will for her, and to say that she intended to dispose of a particular amount to a particular legatee, when no mention of the amount is made in her will. There is no language employed that remotely suggests that she intended to dispose of the debt to the plaintiff.
Judgment affirmed.