On Motion to Dismiss.
The executor appeals from a judgment directing him to place the appellee and her children on his account for a legacy of $7,000 (net).
The trial judge did not fix the amount of the appeal bond, but allowed the appeal conditioned on the appellant furnishing bond "according to law." *Page 76 
The appeal bond given was for $12,000 which is more than one and a half times the amount involved (C.P. art. 575).
The appellee moves to dismiss on two grounds: (1) That the executor is without right or interest to appeal; and (2) that the amount of the appeal bond was not fixed by the judge.
 I.
The first ground is without merit. In Succession of Cassidy, 40 La. Ann. 827, 5 So. 292, this court said:
 "An executor has an interest to appeal [and it is his duty to do so] whenever it is sought to wrest from him property belonging to the succession, or to impose a debt upon it which will diminish its assets in the fund to be distributed among the heirs or creditors," citing Succession of McKenna, 23 La. Ann. 370; Succ. of Charmbury, 34 La. Ann. 25; Coyle v. Succ. of Creevy, 34 La. Ann. 541.
 "The cases referred to in support of the motion [to dismiss] only apply to the case of a contest of creditors over a fund in the hands of an executor or administrator for distribution, and the determination of which cannot add to or diminish the assets of the succession; as where the litigation only concerns the rights of opposing creditors to a certain fund or the right to be paid by preference out of it. In such case it is a matter of indifference to the executor which creditor succeeds, and he has no interest whatever in the judgment determining the question."
 II.
As to the second ground urged for dismissal, this court said in Succession of Huxen, 149 La. 61, 88 So. 687:
 "The next ground relied on [for dismissing the appeal taken by the administratrix] is that the (amount of the appeal) bond should have been fixed by the judge, and was not so fixed. The judgment recognizes plaintiff as a preferred creditor of the succession for $219, with interest from May 29, 1915, and orders that the administratrix amend her account accordingly. She gave bond for a suspensive appeal in the sum of $400. This court has, no doubt, held that, where in such case an administratrix gives a bond for costs in an *Page 77 
amount fixed by the judge, it will suffice for the purposes of the appeal, but it seems safe to say that no case can be found in which the appeal has been dismissed because an administrator gave bond in an amount exceeding by one-half the amount of the judgment, where the judgment was for a specific sum; nor do we see any reason, from any point of view, why such an appeal should be dismissed, since Act 45 of 1890, p. 38, amending and re-enacting article 575 of the Code of Practice, declares that, where the judgment is for a specific sum (and other conditions are complied with), its execution may be stayed, `provided the appellant gives his obligation with good and solvent surety,' etc., `in a sum exceeding by one-half the amount for which the judgment was given,' and, where, as in this case, the judge orders that the appeal be granted upon the appellant's furnishing bond, with good and solvent surety according to law, he thereby fixes the amount of the bond. If, however, he does not, and there is error in the amount of the bond for that or any other reason, the case falls under the dominion of Act 112 of 1916, and, in the absence of any attempt on the part of the appellee to have the error corrected, the bond, as given, must stand. [Citing] White v. Maison Blanche Co. et al., 142 La. 265, 76 So. 708.
 Decree.
The motion to dismiss is therefore denied.
OVERTON, J., concurs in this opinion except as to the statement with respect to the effect of the act of 1916. As the opinion is sufficient without that statement to support the decree, he concurs also in the decree.
 On the Merits.