57 So.2d 695

Succession of EARHART.

No. 40261.

Feb. 18, 1952.

C. E. Loeb, New Orleans, for plaintiff-appellant.

Curtis, Foster & Dillon and Eugene E. Huppenbauer, Jr., all of New Orleans, for defendants-appellees.

PONDER, Justice.

Frederick A. Earhart died in the City of New Orleans on November 2, 1948, leaving a last will and testament. He is survived by seven children, issue of his marriage with Ida Hailes, who died on March 13, 1928 and whose succession has been duly settled. The last will and testament of the decedent is in the olographic form, signed and dated March 16, 1943, which reads as follows:

"I, Frederick Adam Earhart, hereby make this my last will and testament, I revoke all prior wills I may have made, I have been married but once and then to Ida May Hailes, now deceased, we bore seven children.

"I give to Ida Earhart the sole usufruct to my property at Abita Springs, La. an allowance Thirty Dollars per month plus taxes, city or town and state also insurance for maintenance of said property while the said Ida Earhart remains single. To Miss Anna Whitehead three thousand dollars, balance I give and bequeath to all children seven *if alive* at the time of my death, share and share alike all the property of which I may die possessed of, subject, however to the following conditions, I hereby establish a trust on all my property that is left for Ten years (10) after my death and appoint as trustee, Mr. Peter Kissgen and M. Anna Whitehead of New Orleans, La. under the provisions of Act 107 of 1920 with all power conferred by said Act, the same as if incorporated at length herein, I hereby appoint Peter J. Kissgen and M. Anna Whitehead of New Orleans, La. executor of my last will and testament with full seizen and without bond. This wholly written, dated and signed by me in my own handwriting at the place and on the date above written."

The testamentary coexecutors applied for the probation of the will and to be confirmed as testamentary executors. The executors were duly confirmed and thereafter Valentine A. Earhart, one of the surviving children and a forced heir of the decedent, brought suit against the executors attacking the validity of that portion of the will establishing the trust for a period of ten years on the residue of decedent's estate and asked for the heirs to be sent into possession of same. After various exceptions had been filed and disposed of, the testamentary executors and the other children of the decedent answered the suit

and opposed the plaintiff's demands. On trial of the merits, the district court recognized the seven children of the decedent as his forced heirs and universal legatees under his last will but dismissed the attack on the trust provisions set forth in the will and rejected the demand to immediately place the heirs in possession of the effects of the succession. The plaintiff has appealed.

The sole controversy in this case is leveled at the provision in the will establishing a trust estate for ten years.

The plaintiff contends that the provisions in the will establishing the trust is null and void and of no effect. He points out that Act 107 of 1920 was repealed by Act 7 of the Third Extra Session of 1935 and at the time the decedent endeavored to create a trust estate under the provisions of Act 107 of 1920 and at the time the last will and testament became effective, at his death, the statute was no longer a part of the law. He takes the position that the attempt of the decedent to create a trust under a repealed statute is invalid and that the heirs and legatees cannot be deprived thereby from the immediate right to the possession and seizen of the decedent's property.

■ Act 81 of 1938, LSA–R.S. 9:1791 et seq., creating trust estates for a period of ten years was adopted prior to the death of the testator and was at his death and is now in effect. In the interpretation of will the intention of the testator must be ascertained.

Article 1712 of the Revised Civil Code provides: "In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament."

Article 1713, Revised Civil Code, provides: "A disposition must be understood in the sense in which it can have effect, rather than that in which it can have none."

Article 1519, Revised Civil Code, provides: "In all dispositions inter vivos and mortis causa impossible conditions, those which are contrary to the laws or to morals, are reputed not written."

■ From a mere reading of the will, it is apparent that the testator intended to create a trust on his property for a period of ten years. The provision, "under the provisions of Act 107 of 1920 with all power conferred by said Act," was undoubtedly placed in the will because the testator was of the impression that it was the existing law. He undoubtedly contemplated establishing a trust in accordance with law and we would have to go far afield to say that he intended to establish a trust under a statute which he knew had been repealed. He undoubtedly intended to create a legal trust and not one of no effect. The condition, "under the provisions of Act 107 of 1920 with all power conferred by said Act,

the same as if incorporated at length herein," is impossible and contrary to law and must be considered as not written. That which is legally possible in one part and impossible in the other, the latter part will be rejected and the possible must stand good as a legal volition, legally expressed. Succession of Villa, 132 La. 714, 61 So. 765. These pronouncements in the Villa case are nothing more than giving effect to the above referred articles of our Civil Code in interpreting a will and ascertaining the true intention of the testator.

We find no fault in the authorities cited by the appellant and, after a careful examination of same, do not believe that they are pertinent or contradictory to the views herein expressed. The authorities cited are Succession of Langles, 105 La. 39, 29 So. 739; Spath v. Ziegler, 48 La.Ann. 1168, 20 So. 663; Succession of McAuley, 29 La. Ann. 33; Theall v. Theall, 7 La. 226; City of New Orleans v. Hardie, 43 La.Ann. 251, 9 So. 12.

■ The appellant contends that the attempt of decedent to burden the property with a trust estate under the provisions of Act 107 of 1920 after the effective date of Act 81 is invalid. He points out that under Section 1 of Act 81 of 1938 only such trust estates that are created by the trust provisions of the act shall be lawful and that the attempt to create trust estates in violation of the expressed provisions of this latter act cannot be given effect. In view of our conclusion that the provisions

relating to Act 107 of 1920 contained in the will must be considered as not written and in view of the fact that the rights under the will become vested at the death of the testator, the law at that time, Act 81 of 1938, must govern.

■ The appellant contends that the trust is invalid insofar as the legitime of the forced heirs is concerned. He takes the position that the decedent was prohibited by the provisions of Article 4, Section 16, of the Constitution of 1921 and provisions of the Revised Civil Code from depriving the forced heirs of the right to immediate possession of their legitime. He points out that, under this article of the constitution, the legislature is prohibited from passing any law abolishing forced heirship and that the statute having for its purpose the deprivation of the right of a forced heir to the immediate possession of his legitime is violative of this constitutional provision. We find contained in this same provision of the constitution, which forbids the abolishment of forced heirship, authority granted the legislature to create trust estates for a period not exceeding ten years after the death of the donor. The framers of the constitution evidently contemplated that the creation of such trust estates was not the abolishing of forced heirship. To construe the provisions of this article of the constitution otherwise would be tantamount to accusing them of folly. The words, "no law shall be passed abolishing forced heirship," mean exactly what they say, in other words, that

forced heirship cannot be done away with wholly, wiped out or destroyed. This provision does not prohibit the legislature from regulating or restricting the rights of forced heirs. In fact, under the provisions of Articles 1493 and 1494, R.C.C., the legitime is now restricted by permitting the testator to dispose of a portion of his estate as he sees fit. Insofar as the codal articles relating to forced heirship are concerned they must bow to this recent statute, Act 81 of 1938; Wilbert v. Wilbert, 155 La. 197, 99 So. 36.

For the reasons assigned, the judgment of the lower court is affirmed at appellant's cost.