184 So.2d 1

Lenus A. GIROIR et al.

v.

Frank A. DUMESNIL et al.

No. 47711.

Feb. 23, 1966.

Rehearing Denied March 28, 1966.

A. Deutsche O'Neal, Houma, for appellant.

Gerald F. Lofaso, Houma, for absent heir.

Elton A. Darsey, Houma, for appellee.

SANDERS, Justice.

Mr. and Mrs. Lenus A. Giroir brought this declaratory judgment action to be recognized as owners of certain land by virtue of an act of sale from Marie Boudreaux Dumesnil, widow and alleged universal legatee of Benjamin Dumesnil. Defendants are the collateral heirs of Benjamin Dumesnil.

Defendants filed exceptions of prematurity, nonjoinder of a necessary party, and improper action. Assigning written reasons, the court overruled these exceptions. Thereafter, defendants filed an answer and reconventional demand for damages. The answer included a plea of res judicata and judicial estoppel. Defendants also filed an exception of five and ten year prescriptions.

After trial, the district court sustained defendants' plea of res judicata and declared plaintiffs had only a usufruct of the property. The court did not rule upon the exception of prescription. Plaintiffs appealed. The Court of Appeal amended the judgment and, as amended, affirmed it. As to the defendants, Mildred Lagrange, Numae Lagrange, and Pauline Lagrange, asserting a one-half interest in the property as heirs of Dolzie Lagrange, the court maintained the exception of res judicata and af-

firmed the district court's judgment. As to the remaining defendants, the court rejected the demand of the plaintiffs on the merits and recognized defendants' ownership. See 172 So.2d 89. W granted certiorari to review the judgment of the Court of Appeal. 247 La. 795, 174 So.2d 534.

The pertinent facts are these: On August 7, 1918, Benjamin Dumesnil executed his will and testament in nuncupative form by public act in the French language. The will read in part:

"Be it known that on this seventh day of the month of August, in the year of our Lord nineteen hundred eighteen, Before me,

"Charles Amedee Celestin, Notary Public duly qualified and sworn, and in the presence of Messrs. Norman L. Davidson, Allen Arceneaux, Noel Duplantis

"Legal and competent witnesses, domiciled in the vicinity, personally appeared Mr.

Benjamin Dumesnil, also of the said Parish, who declared that, being sound in body and mind, and convinced of the frailty of human life, he desires this day to set in order his worldly affairs in the event he is called by our Creator, and to make his last dispositions or testament, which he dictated to me and which I have transcribed exactly and literally as dictated.

"In consideration of the true and sincere friendship and the good and continuous care which, up to this time, has been bestowed upon me by my wife

MARIE BOUDREAUX

"I bequeath and give to my said wife,

MARIE BOUDREAUX

"The enjoyment and usufruct during her life span of all of the property, movable and immovable (of which I can dispose under the law) of any nature and under any title whatsoever, which I may possess at my death, *for her to do with, enjoy and dispose of as she pleases, and as a thing belonging to her.*

"I appoint, my said wife, Executrix, of this my last testament without surety and with seizin of my succession, and I ratify these presents as containing my last will and testament." (Italics ours.)

On March 18, 1940, the testator died survived by his widow, Marie Boudreaux Dumesnil, and collateral relatives, consisting of six children of a predeceased brother and Dolzie Lagrange, the only child of a predeceased sister. The surviving widow presented the will for probate on May 25, 1940, in the matter entitled "Succession of Benjamin Dumesnil," Probate No. 2313 of the Seventeenth Judicial District Court for the Parish of Terrebonne. The court appointed an attorney, Robert B. Butler, Jr.,

to represent Dolzie Lagrange, an absentee. The court notified all heirs of the time and place of probate.

The will was duly probated. An inventory of the estate was made and filed. The inventory reflected the estate consisted of both community and separate property. The two tracts of land involved in this litigation were listed as separate property.

Although the court ordered that letters testamentary issue to the widow as executrix "upon her taking the oath prescribed by law," the record does not reflect that she ever took the oath and qualified as executrix. Subsequently, however, on September 5, 1940, the surviving widow, by petition, accepted the legacy and prayed to be recognized as universal legatee and sent into possession of all property, separate and community, left by the decedent.

The curator ad hoc, representing Dolzie Lagrange, filed an opposition to this petition. The other heirs were not cited and made no appearance. In his opposition, Dolzie Lagrange contended that the will merely bequeathed the widow a life usufruct of decedent's estate and consequently he inherited an undivided one-half interest in the separate estate, subject to the usufruct.

The opponent conceded that Mrs. Dumesnil was entitled to full ownership of all community property and joined in a motion by which she was put in possession of the community property upon payment of the inheritance tax. The court deferred disposition of the separate property.

The deferred matter was assigned for trial on March 18, 1947. No attempt was made to introduce extrinsic evidence to aid in the construction of the will. Construing the language of the will without the benefit of extrinsic evidence, the court concluded that the testator left only a lifetime usufruct to the widow and rendered judgment on September 23, 1947, as follows:

"IT IS ORDERED, ADJUDGED AND DECREED: That the opposition of Dolzie Lagrange be and the same is hereby maintained and accordingly he is recognized as an heir at law of decedent, Benjamin Dumesnil, and as such declared to be the owner of an undivided one-half (½) of all of the separate property left by decedent, Benjamin Dumesnil, at his death, and more particularly the separate property fully described in the inventories filed herein, but subject to the enjoyment and usufruct of Mrs. Marie Boudreaux Dumesnil, during her life."

The judgment was not appealed and is the basis of the defendants' plea of res judicata here. No further disposition was made of decedent's separate estate in the succession proceeding.

On April 18, 1957, Mrs. Marie Boudreaux Dumesnil conveyed the disputed property to Mrs. Nellie Marie Arceneaux, wife of

Linus Giroir. The act of sale was recorded on February 6, 1958. The same day, the purchaser and her husband brought this action to be declared owners of the property under the deed. At the trial, plaintiffs introduced extrinsic evidence, subject to defendants' objection, purporting to show the decedent, by his will, intended to leave all his property to his widow in perfect ownership.

In their application for writs and in brief, the plaintiffs submit to the judgment of the Court of Appeal sustaining the exception of res judicata in favor of the defendants, Mildred Lagrange, Numae Lagrange, and Pauline Lagrange, asserting an undivided one-half interest in the property as heirs of Dolzie Lagrange. We, therefore, omit a reexamination of this holding.

The Court of Appeal properly overruled the exception of res judicata as to the remaining defendants.

Article 2286 of the Louisiana Civil Code provides:

"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

As we recently said in Quinette v. Delhommer, 247 La. 1121, 176 So.2d 399, to support res judicata the code article requires an identity of parties in the suits. The present defendants were not parties to the previous demand in the succession proceeding. Hence, one of the essential elements of res judicata is lacking. Though the defendants also interposed a plea of judicial estoppel, we find no basis for this plea. We proceed, as did the Court of Appeal, to consider the merits.

The disposition of the property necessarily depends upon the effect given to the last will and testament of the decedent.

Defendants assert the will is unambiguous, bequeaths only a lifetime usufruct to the widow, leaving the naked ownership undisposed, for inheritance by the defendants as the legal heirs of the deceased; that the testamentary words, "for her to do with, enjoy and dispose of as she pleases, and as a thing belonging to her," refer to usufruct; and that extrinsic evidence cannot be considered.

On the other hand, plaintiffs contend the will bequeaths to the widow all decedent's property in perfect ownership; that the crucial words, "for her to do with, enjoy and dispose of as she pleases, and as a thing belonging to her," refer to "property," the next preceding noun in the will; that the will first bequeaths the wife the *usufruct* (or the use and fruits) of the property dur-

ing her life span; that it then bequeaths her the right of disposition of the property as a thing belonging to her; that the will therefore clearly bequeaths to the wife all elements of perfect ownership. If, however, the court cannot so construe the will on its face, it is ambiguous and the extrinsic evidence abundantly shows the testator's language means he bequeathed all his property to the widow in full ownership.

The Court of Appeal held the will was unambiguous and bequeathed only a usufruct to the widow, rejecting the extrinsic evidence. The court said:

"After full consideration of all applicable rules of interpretation, we are impelled to the view that the only construction which will give effect to all the terms of decedent's will is that employed by our esteemed brother below, namely, that the bequest conveyed testator's widow a usufruct only. The ambiguity relied upon by appellants to admit extrinsic evidence of testator's intent arises only if the phrase 'to do with, enjoy and dispose of as she pleases and as a thing belonging to her' is deemed to modify the word 'property' rather than the term 'usufruct'. To adopt this interpretation is to literally write the word 'usufruct' out of the testator's will and achieves the anomalous result of making parol evidence admissible by rejecting the interpretation

which would give effect to all the terms of the testament."

We do not agree with this holding.

■ As we view it, the construction tendered by the plaintiff does not strike the term, "usufruct," from the will. Perfect ownership gives the right to use, to enjoy, and to dispose of property to the exclusion of others. LSA–C.C. Art. 491. Such ownership consists of three elements united in the same person: *usus,* or the right to use; *fructus,* or the right to the fruits; and *abusus,* or the right to dispose of. See Wilson v. Aetna Ins. Co., La.App., 161 So. 650. Plaintiffs construe the testamentary word, "usufruct," a combination of *usus* and *fructus,* as embracing the first two of these elements, the use and fruits.

Moreover, a number of reasons leap to mind why the plaintiffs' face-construction of the will is no less plausible than that of defendants.

The language of the will produces two dominant impressions. First, the tenor of the will is one of promoting the welfare of the widow and increasing her inheritance rights. Second, the scope of the will is one of including all property. The testator used great care to indicate this by repetitive language: "all of the property, movable and immovable," "of which I can dispose under the law," and "under any title whatsoever." The bulk of his estate consisted of his share in the community, this interest

being valued over eight thousand dollars in the 1940 inventory, as compared to only six hundred dollars for his separate property. There is no doubt the testator intended the will to cover his community property interest. If this is true, then it would be highly extraordinary for him to bequeath his wife only the usufruct of his share of the community property, when without a will she would have inherited this property in full ownership. See LSA–C.C. Article 915.

The crucial words of disposition are widely separated from "enjoyment and usufruct" in the will and follow "property" very closely, being separated from "property" only by other modifiers of the same noun.

■ A testamentary grant of the power to alienate a usufruct is surplusage, since that authority is already granted by Article 555, LSA–C.C.

To construe the crucial ownership-words as referring to "enjoyment and usufruct" creates a bizarre language sequence, telescoped as follows: I bequeath the *"enjoyment and usufruct"* * * * "for her to do with, *enjoy,* and dispose of as she pleases, and as a *thing* belonging to her." (Italics ours.)

■ We conclude the will is ambiguous.

The defendants rely mainly upon Succession of Rusha, 158 La. 74, 103 So. 515, as requiring the rejection of extrinsic evidence in the present case. A perusal of the decision discloses the court found the disputed codicil unambiguous and properly disregarded the extrinsic evidence. The decision is not authority for rejecting extrinsic evidence to aid in the construction of ambiguous wills.

■ We agree with defendants that testamentary dispositions can be made only in writing. LSA–C.C. Art. 1576; Succession of Shows, 246 La. 652, 166 So.2d 261; Succession of Rusha, supra. We also agree that when a will is free of ambiguity extrinsic evidence of the testator's intention must be rejected. "Candles are not to be lighted when the sun shines brightly." Succession of Maginnis, 158 La. 815, 104 So. 726; Succession of Rusha, supra; Theall v. Theall, 7 La. 226.

■ When, however, the language of a will is ambiguous, resort must be had to all circumstances which may aid in ascertaining the testator's intention. LSA–C.C. Art. 1715; Succession of Smart, 214 La. 63, 36 So.2d 639; Succession of Montegut, 211 La. 112, 29 So.2d 583; Miller v. Hirsch, 110 La. 259, 34 So. 435.

Article 1715, LSA–C.C. provides:

"When, from the terms made use of by the testator, his intention can not be ascertained, recourse must be had to *all circumstances* which may aid in the discovery of his intention." (Italics ours.)

In Succession of Smart, supra, this Court succinctly stated the rule as follows:

* * * "Where there is ambiguity in the description of the legatee, or the thing which the testatrix intended to bequeath, or the quantum or portion of the legatee, or where there is doubt as to the sense in which the words are used by the testatrix, resort may be had to extrinsic evidence. In fact, all circumstances throwing any light on the testatrix's intention must be considered. Revised Civil Code, Articles 1714, 1715 and 1716. Succession of Montegut, 211 La. 112, 29 So.2d 583."

 When a will is ambiguous, the court uses extrinsic evidence to determine what the words of the testator *as written* actually mean. The evidence is used to resolve ambiguity, not to rewrite the will or do violence to its terms. The court seeks to lay bare the intention of the testator. LSA–C.C. Arts. 1712, 1715.

Testifying in the present case as to the circumstances surrounding the making of the will were Mrs. Dumesnil, the surviving widow, Allen Arceneaux, a surviving witness to the will, and several close acquaintances of the decedent. Their testimony is largely uncontradicted. It discloses the decedent did not have a close relationship with his collateral relatives. He and Mrs.

Dumesnil had a long marriage in which they reared two foster children, without formal adoption. Insofar as the record discloses, their marriage was a happy one, with strong ties of love and affection.

The decedent and his wife appeared before the same Notary Public, not an attorney, to make reciprocal wills. The two wills were phrased in identical language and subscribed by the same witnesses. The wife understood that her own will left all property to her husband and, similarly, that her husband's will left all his property to her. The surviving witness testified he understood the will, as dictated and read at the time, to mean the husband was leaving all his property to his wife.

 The absence of close ties between the testator and his collateral relatives, the closeness of testator's relationship with his wife, reflected in the language of the will itself, and other circumstances disclosed by the extrinsic evidence resolve the meaning of the written words in favor of the wife. We conclude they mean that the testator bequeathed to his wife the perfect ownership of his property: use, enjoyment of the fruits, and right of disposition. That he used a prolix method of describing ownership and that he only approximated the strict legal meaning of *usufruct*,[1] though he adhered closely to its literal meaning,[2]

---

1. The legal definition contemplates that the naked ownership be vested in another. See LSA–C.C. Art. 533.

2. See 1 Planiol, Civil Law Treatise (An English Translation by The Louisiana State Law Institute) No. 2775 (1959).

do not bar this evidentiary-supported construction. The will is not a lawyer's document. It is the product of a layman, dealing without refinement in legal terms. The language must be so understood, without attending so much to the niceties of legal semantics or rules of grammar. See Succession of Elliott, 237 La. 457, 111 So.2d 344; Succession of Price, 202 La. 842, 13 So.2d 240; and Succession of Vatter, 192 La. 657, 188 So. 732.

We hold the surviving widow is the universal legatee under the will of Benjamin Dumesnil, entitled as such to all property of the testator.

Having so held, we reach the several exceptions pretermitted by the Court of Appeal: prematurity, improper action, nonjoinder of a necessary party, and prescription.

 The plea of prematurity is founded on the contention the disputed property remains in *custodia legis,* since the inheritance taxes relating to it have not been paid and no specific judgment of possession as to it has been rendered in the succession proceeding. Although the decedent's will was duly probated and the surviving widow accepted the legacy, we do find the inheritance taxes relating to it are unpaid, and the widow obtained no formal judgment of possession. This, however, does not render this suit premature. The present plaintiffs are seeking a declaratory judg-ment defining their rights under a deed from the widow. LSA–R.S. 47:2413 prohibits a legatee from disposing of inherited property prior to payment of inheritance taxes. But the statutory penalty only deprives the legatee of the right of renouncing and makes him personally liable for inheritance taxes. A violation of the statute does not vitiate a property transfer or divest the transferees of their rights. We conclude that the exception of prematurity is without merit.

 The exception of improper action is based upon the contention a declaratory judgment action is unavailable to plaintiffs, since an adequate remedy is provided by the recognized real actions. This exception was filed and considered before the advent of the Code of Civil Procedure (Act No. 15 of 1960). No evidence was taken on the exception and the petition does not disclose who, if anyone, was in possession of the property at the time the suit was filed. The Uniform Declaratory Judgments Act was then LSA–R.S. 13:4231 through 13:4246. LSA–R.S. 13:4232 provided that any person interested under a deed or will could obtain a declaration of rights, status, or other legal relations thereunder. LSA–R.S. 13:4234 authorized any person interested through a legatee to secure a declaration to ascertain the legatees or construe a will. Hence, the present action was expressly authorized. It also avoided a multiplicity of suits. We agree with the

holding of the district court that the action was proper.

■ The exception of nonjoinder suggests that Mrs. Dumesnil, as testamentary executrix, is a necessary party plaintiff. Our examination of the succession record fails to disclose she ever took the oath as executrix or that letters testamentary issued to her. Rather, she formally accepted the legacy and petitioned the court to put her in possession. Moreover, Mrs. Dumesnil has conveyed all her interest in the subject property to the plaintiffs. She has no interest in the subject matter of this suit. We conclude, as did the district court, that the exception of nonjoinder lacks merit.

■ Defendants' exception of prescription is based on the five year period fixed by LSA–C.C. Article 3542 for asserting the nullity of a testament or other acts, and the ten year period prescribed by LSA–C.C. Article 3544 for all personal actions for which no specific provision is otherwise made. The district court failed to rule upon the exception. We find neither prescription applicable. The declaratory judgment statute merely creates a procedural device whereby the courts may make a declaration of rights without the executory or coercive relief embodied in a conventional judgment. Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9. The action is identical whether the petitioner seeks a declaratory judgment or the greater relief of a conventional judgment. Only the judgment is different. The nature of the basic action determines the appropriate prescription. See McLavy v. American Legion Housing Corporation, 227 La. 300, 79 So.2d 316. The basic action here is neither to establish the nullity of a testament nor to invalidate the 1947 succession judgment, as contended by defendants. Rather it is one for the ownership of immovables. Since the defendants have not asserted possession in good faith by just title, such an action is barred only by adverse possession of thirty years. LSA–C.C. Art. 3499; Buckley v. Catlett, 203 La. 54, 13 So.2d 384; Generes v. Bowie Lumber Co., 143 La. 811, 79 So. 413.

For the reasons assigned, the judgment of the Court of Appeal is affirmed in part and reversed in part.

The judgment of the Court of Appeal maintaining the exception of res judicata in favor of the defendants, Mildred Lagrange, Numae Lagrange, and Pauline Lagrange, and against the plaintiffs, Mr. and Mrs. Lenus A. Giroir, is affirmed.

The judgment of the Court of Appeal is otherwise reversed and judgment is rendered in favor of plaintiffs, Mr. and Mrs. Lenus A. Giroir, and against the defendants, Frank Dumesnil, Leo Dumesnil, Angelique Dumesnil Perera, Anthony Dumesnil, Elizabeth Dumesnil Hebert, Jeanette Dumesnil Caballero, Edwina Dumesnil Henry, and Eunice Dumesnil Hebert, declaring

the plaintiffs to be the owners of an undivided one-half interest in the following described property under the act of sale from Marie Boudreaux Dumesnil, widow of Benjamin Dumesnil, dated April 18, 1957, filed for record on February 6, 1958, as No. 18060 in the office of the Clerk of Court and Recorder of Terrebonne Parish, to-wit:

"A certain tract of land situated in the Parish of Terrebonne, Louisiana, at a distance of about fourteen (14) miles from the City of Houma, measuring a front of three (3) arpents, more or less, on the left descending bank of the Bayou Black by the depth of survey; bounded above by property of the Heirs of Atcheson and below by property of the Estate of G. W. Hatch; together with all the buildings and improvements thereon.

"Being the same property acquired by Benjamin Dumesnil as follows: (a) one arpent front thereof by act executed December 7, 1883, and of record in C.B. 'HH', at folio 796; and (b) two arpents front thereof from the Heirs of Admar Bonvillain by acts executed respectively on July 14 and August 3, 1894, and of record in C.B. 'OO', at folios 729, 733 and 751, respectively.

An undivided one-third of:

"That certain tract of land lying and being situated on Bayou L'Ourse, in the Parish of Assumption, Louisiana, bounded north by the East fork of Bayou L'Ourse, East by swamp lands of Gus Drews, South by lands of Wm. M. Ells and West by lands of Xavier Giroir, Nichols Landry and Oleus Foret and being the W. 1/2 of N.W. 1/4 of Section 65, T. 16 S., R. 14 E., containing eighty (80) acres.

"It being the same property as was acquired by the said Benjamin Dumesnil by inheritance from Jean Baptiste Dumesnil, by judgment of the 23rd Judicial District Court, bearing No. 3670, rendered on the 11th day of October, 1917 in the 23rd Judicial District Court in and for the Parish of St. Mary, and duly recorded on the 16th day of October, 1917 in the Parish of Assumption in C.B. 56, page 516."

Judgment is further rendered fixing the fee of the attorney representing the absent defendants in the sum of One-hundred, Fifty ($150.00) Dollars and taxing the same as costs.

Judgment is further rendered assessing one-half of the costs of court against the defendants last named above. and one-half against plaintiffs.

HAWTHORNE, Justice (dissenting).

I am in accord with the reasoning and the conclusion of the district judges and the Court of Appeal that the contested provision of Mr. Dumesnil's will bequeath-

ed to his wife a usufruct rather than the fee ownership of his property. This conclusion is reached from the wording of the will and without resort to extrinsic evidence. I do not think that the court should disregard and write out of the will the words "enjoyment and usufruct during her life". The last clause, "to do with, enjoy and dispose of as she pleases, and as a thing belonging to her" (which seems to have caused most of the trouble), would have been completely unnecessary if the fee ownership were being given.

McCALEB, Justice (dissenting).

I agree with the views of the Court of Appeal (see 172 So.2d 89) and, especially, those of Judge ad Hoc Ellender which are quoted with approval by the Court of Appeal (see 172 So.2d at page 99).

In my opinion, the will is neither ambiguous nor is its bequest to the testator's wife contradictory as the majority opinion apparently conceives. It distinctly bequeaths to the wife enjoyment and usufruct during her life of all property; it does not bequeath "all property". Hence, the descriptive language following the disposition concerning the wife's use of the bequest, viz—"for her to do with, enjoy and dispose of as she pleases, and as a thing belonging to her" plainly refers to the thing given (usufruct of the property "during her life") and not to the property itself as the wife, according to the proper signification of the

*terms* of the testament cannot be regarded as universal legatee.

Article 1712 of the Civil Code governs the case; it should be applied.

I respectfully dissent.