SARTAIN, Judge.
This is an appeal by plaintiffs from a judgment of the district court sustaining defendants’ dilatory exception of improper use of the declaratory judgment statutes and ordering plaintiffs to amend their petition within three days or have their action dismissed as of non-suit.
The plaintiffs are the Villa Del Rey Citizens Association (Association), a nonprofit corporation composed of residents of the Villa Del Rey Subdivision in the Parish of East Baton Rouge, Karl E. Wiegand and Russel Allor, individual residents of the subdivision. Villa Del Rey Subdivision is located adjacent to and east of a 398 acre tract of land (Witter Tract). A portion of the Witter Tract is situated within the City of Baton Rouge and the remaining portion is in the parish. The entire tract was rezoned by City Ordinance No. 2317 and Parish Ordinance No. 3095.
The defendants are the Mayor of Baton Rouge and members of the City and Parish Councils; the Trustees of the Estate of Eleanor Connel Witter, the owner of the property; and developers, Messrs. Milton Womack, Jr., Frank J. Sullivan, Jr. and Robert McGill.
Plaintiffs filed a suit for a declaratory judgment seeking to have the two zoning ordinances declared invalid and unconstitutional. They allege in their petition that the rezoning of the Witter Tract so as to permit a heavier concentration of population by allowing the construction of apartment units, other multiple family dwellings, a shopping center and various types of commercial and industrial uses were arbitrary and capricious acts on the part of the Councils for the City and Parish. They set forth eleven specific reasons for such charges.
The trustees and the developers filed a dilatory exception styled “Motion to Dismiss for Improper Use of Declaratory Action”. The motion avers that the developers paid $40,000 for an option to purchase the property by October of 1969 upon the payment of the additional sum of $910,000 and an execution of a mortgage for the *567 balance in the amount of $3,850,00o.[1] The motion further alleges that the developers acting in good faith and in pursuance of their option expended sums in excess of $200,000 in engineering and consulting fees and for clearing the land. They further alleged that the proposed development would require the expenditure of $75,-000,000 to $100,000,000. They contend that until plaintiffs’ suit is disposed of it constitutes a cloud of the title and prevents their obtaining interim or permanent financing. For these reasons they argue that they will suffer irreparable injury and that because of the urgency of the situation plaintiffs should have coupled their demands with a prayer for injunctive relief instead of proceeding in an ordinary manner. It follows that if plaintiffs had endeavored to seek injunctive relief the initial cause would have been a summary procedure thereby avoiding the delays inherent in an ordinary action.
When the exception was heard evidence was adduced in support of exceptors’ motion. The evidence clearly supports the finding that the developers would be damaged as alleged. In view of these facts the trial judge stated:
“Therefore, it becomes obvious that a long delay in this matter will result in loss of the option mentioned above.
This court is aware that the usual procedure in such cases is by summary process involving injunctive relief. This of course involves a bond for possible damages to defendants and is the admitted reason that plaintiff (s) chose to proceed by ordinary process.
This Court is of the opinion that the plaintiffs are perverting the declaratory judgment statutes and in the Court’s discretion the Court will order plaintiff to amend their petition to a summary procedure within 3 days and should plaintiffs fail to do so the suit will be dismissed as of non-suit, all costs to be paid by plaintiffs.”
While we concur with the trial judge in his conclusion that a long delay in this matter will result in serious loss to the developers we know of no law or procedure that would require the plaintiffs to convert their action from an ordinary one to a summary proceeding. The interest of the plaintiffs in bringing this action is uncontested. It is only the procedural device which they have elected to use that is objected to.
Defendants argue that the declaratory judgment statutes is an equitable remedy and that it is within the discretion of the court to deny its use when serious injury may be caused another. They cite as authority Rogers v. Louisiana State Board of Optometry Examiners, 126 So.2d 628, page 634 (3d La.App., 1961), a portion of which reads as follows:
“In our opinion the Uniform Declaratory Judgments Act is merely a procedural device by which the courts may make a declaratory finding. In order for an action to be entertained under the act, however, it must be based on an actual controversy and, even when such a case is presented, the grant or refusal of declaratory relief is a matter of judicial discretion. Burton v. Lester, supra [227 La. 347, 79 So.2d 333]; State v. Board of Supervisors, supra [228 La. 951, 84 So.2d 597]; Tugwell v. Members of Board of Highways, 1955, 228 La. 662, 83 So.2d 893.” (Emphasis ours)
We have reviewed the Rogers case and the authorities cited therein with particular reference to the import of such language as emphasized above. Prior to the adoption of Article 1871 of the Code of Civil Procedure declaratory relief was not permitted where other remedies were available. In Orleans Parish School Board v. Manson, 241 La. 1029, 132 So.2d 885 (1961), our Supreme Court reviewed the *568 decision in the Lester case and particularly-recognized that Article 1871 enlarged the scope of declaratory proceedings. Notwithstanding the continued use of the language indicating that a court still has discretionary authority to grant or refuse declaratory relief, we must state that the discretion now is based primarily on the authority granted in C.C.P. Article 1876 which provides that a court may refuse to render a declaratory judgment if such judgment would not terminate the uncertainty or controversy giving rise to the proceedings. In any event, we have reviewed the Rogers, Lester and Tug-well cases and also conclude that the facts in each case and the rule of law emanating therefrom are not apposite to the facts in the instant case nor sanction a denial of the procedure followed by the plaintiffs herein.
In Plebst v. Barnwell Drilling Co., 243 La. 874, 148 So.2d 584 (1963) the Supreme Court clearly recognized the right of an interested party to utilize the provisions of the Declaratory Judgments Act in challenging a zoning ordinance. In West v. Town of Winnsboro, 252 La. 605, 211 So. 2d 665 (1967), the plaintiffs sought to enjoin the enforcement of a town ordinance. The defendants contended that plaintiffs had an adequate remedy by an action for a declaratory judgment. The court concluded that plaintiffs had in fact two remedies, one, to seek an injunction and, another, to ask tor declaratory relief. The language hereinafter quoted clearly recognizes the availability of and the distinction between the two remedies:
“The Town, during oral argument, also suggested the plaintiff had an adequate remedy by a ‘declaratory judgment action’ for testing the constitutionality of the ordinance. See LSA-C.C.P. Art. 1871 et seq. A declaratory judgment proceeding, however, is not really an alternative action. The declaratory judgment statute merely creates a procedural device whereby courts may declare rights without at the same time granting the executory or coercive relief normally embodied in a conventional judgment. Giroir v. Dumesnil, 248 La. 1037, 184 So.2d 1 (1966); Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964). The action is identical whether the petitioner seeks a declaratory judgment only or the greater relief of a conventional judgment. See LSA-C.C.P. Art. 1871 (Official Revision Comments) and Giroir v. Dumesnil, supra. Hence, the sole difference between the present suit and that contended for by the Town is in the relief sought in the prayer of the petition.
We have found no decision in which the availability of a declaratory judgment has barred an equitable remedy. In the present case, we regard a declaratory judgment proceeding as inadequate because it would include no mandate to protect plaintiff during the pendency of the suit and no coercive relief in the final judgment. See Washington County v. State Tax Commission, 103 Utah 73, 133 P.2d 564 (1943). Hence, the Town’s contention must be rejected.”
See also Meyers v. City of Baton Rouge, 185 So.2d 278 (1st La.App., 1966), where plaintiffs were permitted to test the constitutionality of a rezoning ordinance by asking for declaratory relief where the action was not coupled with a request for an injunction.
While we hold here that the plaintiffs are entitled to declaratory relief, we must also note that in the case of Smith v. City of Baton Rouge rendered this day by us, 233 So.2d 569, another plaintiff contested the same two ordinances by seeking both injunctive and declaratory relief. In Smith for reasons therein stated we held the ordinances to be constitutional.
Accordingly, for the above and foregoing reasons the judgment of the district court sustaining defendants’ dilatory exception is overruled and this matter is remanded to the district court for further proceedings in accordance with law.
Reversed and remanded.

. Which has been extended until)April, 1970.